```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     HOT SPRINGS DIVISION

GREGORY HOLDINGS                                          PLAINTIFF


v.                         CASE NO. 15-6064


DB HOME LENDING LLC; HSBC BANK USA, N.A.,
AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP.,
HOME EQUITY LOAN TRUST, SERIES 2007-HE5,
ASSET BACKED PASS-THROUGH CERTIFICATES; AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.           DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are Defendants' motion to dismiss and supporting brief (Docs. 8, 8-1), and Plaintiff's response in opposition (Doc. 10). For the reasons set forth below, Defendants' Motion is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

On May 1, 2015, a complaint was filed in the Circuit Court of Garland County, Arkansas, on behalf of Plaintiff Gregory Holdings. The complaint describes Gregory Holdings as "a TEXAS JOINT STOCK COMPANY," and is signed by Andres A. Perdomo, who is identified as a trustee for Gregory Holdings. The complaint seeks a judicial determination of the rights and interests of the parties in and to certain real property located in Garland County, Arkansas, and a note and mortgage executed in connection

with said property.  On June 17, 2015, Defendants filed a notice of removal to this Court, alleging jurisdiction to be proper based upon 28 U.S.C. § 1332.

On July 22, 2015, Defendants filed their motion to dismiss and supporting brief, arguing that Plaintiff is a business entity that may not act *pro se* in a court proceeding and cannot be represented in litigation by an officer or trustee.  Because Andres A. Perdomo is not an attorney, Defendants argue, he cannot represent Gregory Holdings in this matter and the complaint is subject to dismissal.  Perdomo argues in response that he, as the purported "Trustee" of Gregory Holdings, is the real party in interest and may proceed as the *pro se* Plaintiff in this matter.

**II.  Applicable Law**

As Defendants point out, federal courts have consistently held that business entities (such as corporations, partnerships, limited liability companies, and associations) can only appear in court through licensed attorneys and may not appear via non-attorney corporate officers acting *pro se*.  *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *Tinkers & Chance v. Zowie Intertainment, Inc.*, 15 F. App'x 827, 828 (Fed. Cir. 2001).  Eighth Circuit case law is clear that a non-lawyer trustee may not represent a trust *pro se* in federal court.  *See*

2

*Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994).

When an individual who is not a lawyer attempts to represent the interest of other persons or entities in court, the individual engages in the unauthorized practice of law. *See Jones ex rel. Jones v. Corr. Med. Servs.*, 401 F.3d 950, 952 (8th Cir. 2005). Any pleading filed by such an individual is a nullity. *See id.* In the instant case, it is clear that Plaintiff Gregory Holdings is an entity that must be represented by a licensed attorney in proceedings before this Court. There has been no contention that Perdomo is a licensed attorney, and the complaint he purported to sign on behalf of Gregory Holdings is a nullity.

**III. Conclusion**

For the reasons set forth above, Defendants' motion to dismiss (Doc. 8) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as a nullity, with the parties to bear their own fees and costs.

IT IS SO ORDERED this 5th day of November, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge